IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOANNE MARIE ADAMS,

        Appellant,

v.                                                      Civil Action No. 3:23CV410 (RCY)

RICHARD F. HALL, JR., *et al*,

        Appellees.

## MEMORANDUM OPINION

This matter comes before the Court on Joanne Marie Adams's appeal of various pretrial rulings by the Bankruptcy Court in connection with her action to hold Appellees in contempt for violation of a Chapter 7 Discharge injunction. The specific issues before this Court are: whether the Bankruptcy Court erred in (1) ruling that emotional damages cannot be recovered for intentional breach of a Chapter 7 Bankruptcy Discharge; (2) sustaining motions *in limine* to preclude Adams from offering any evidence of emotional distress at trial; (3) ruling that Adams was precluded from recovering any punitive damages; and (4) holding that Adams did not make a record for recovery of attorney's fees. For the reasons that follow, the Court AFFIRMS the decisions of the Bankruptcy Court.

### I. BACKGROUND

On February 7, 2018, Appellant Adams received a discharge under 11 U.S.C. Section 727 in a Chapter 7 bankruptcy (the "Discharge"). App. 483[1] (Stipulations). On September 19, 2018, Adams filed suit in state court against Appellee Richard F. Hall, Jr. *Id.* Hall was represented in this suit by now-co-Appellees James C. Breeden and Breeden & Breeden, P.C. (the "Breeden

---

[1] The Appendix filed in this case spans ECF Nos. 3-2 and 3-3.

Defendants"). *Id.* The Breeden Defendants filed a counterclaim against Adams seeking recovery of a debt that, according to Adams, had been included in the Discharge. *Id.* at 489–90 (Counterclaim); Appellant's Br. 1–2, ECF No. 3. On March 15, 2021, the state court entered an agreed order dismissing Adams's suit and the Counterclaim. App. 484.

Adams thereafter sought to reopen her earlier bankruptcy case to pursue a Motion to Hold Respondents in Contempt for Violating Discharge Injunction (the "Contempt Motion"). App. 11. Following a hearing, the Bankruptcy Court Ordered that the Contempt Motion be converted to an Adversary Proceeding. App. 22, 27. In the Adversary Complaint that followed, Adams alleged that she "sustained aggravation of pre-existing depression, based on Post-Traumatic Stress Disorder and other medical conditions." App. 14. In her subsequent Rule 7026(a) disclosures, Adams asserted as damages (a) travel expenses to her lawyer in relation to the counterclaim in the amount of approximately $100, (b) costs of prescriptions, which was unknown, (c) emotional damages, which she estimated to be in a range of $125,000 to $175,000, and (d) punitive damages in the amount of $350,000. App. 80.

Appellees moved *in limine* to have the Bankruptcy Court preclude evidence of Adams's alleged emotional distress damages. App. 56. The Bankruptcy Court granted Appellees' motion and excluded evidence of emotional distress damages at trial. App. 283 (Order Granting Mot. Lim.); *see also id.* at 538, n.6 (Bankr. Ct. Mem. Op.). In so doing, the Bankruptcy Court held that "[a]n action for violation of the discharge injunction is a civil contempt proceeding," App. 284 (citing *Taggart v. Lorenzen*, -- U.S. --, 139 S.Ct. 1795, 1801 (2019)), and further that "emotional distress damages are unavailable in civil contempt cases," *id.* (citing *Walters v. Walters* (*In re Walters*), 868 F. 2d 665, 670 (4th Cir. 1989)).

The Bankruptcy Court next entered an Order Setting Hearings and Continuing Trial. App. 480 (Order Setting Hr'gs). The Court notified the parties pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure, as made applicable to the Adversary Proceeding by Bankruptcy Rule 7056, that the Court was considering entry of partial summary judgment on the issue of whether Adams had sustained any damages from the alleged violation of the Discharge Order. *Id.* at 480–81. Adams asserted in response that she had incurred economic damages in the amount of $100 on account of traveling expenses to and from her lawyer to defend the Counterclaim. *Id.* at 514 (Pl.'s Obj. to Summ. J.). Following a hearing, the Bankruptcy Court entered partial summary judgment limiting Adams to recovery of $100 in compensatory damages. *Id.* at 526 (Order Granting Partial Summ. J.). In doing so, the Bankruptcy Court found that Adams's Objection had only identified "a colorable issue of material fact" as to the requested $100 in compensatory damages but she "did not identify any other damages, including but not limited to attorney's fees, costs, nominal damages, or punitive damages." *Id.* at 528–29.

The Bankruptcy Court conducted a trial on May 18, 2023. *See id.* at 535. At the conclusion of trial, the Bankruptcy Court entered an Order holding Appellees in civil contempt for violating the discharge order and awarding Adams $100 in compensatory damages. *Id.* at 531–32. In its later-issued Memorandum Opinion, the Bankruptcy Court held that "in the exercise of its reasonable discretion, [it] will not award attorneys' fees." *Id.* at 542. The Bankruptcy Court found that Adams was not entitled to attorney's fees in this case for three reasons: (1) Adams's counsel failed to comply with the necessary requirements of the Bankruptcy Code and Bankruptcy Rules governing attorney's fees in bankruptcy cases; (2) Adams failed to raise attorney's fees in her Objection to the Court's entry of summary judgment; and (3) Adams failed to provide a sufficient evidentiary basis for the fee award. *Id.* at 543–45.

On June 20, 2023, Adams filed a Notice of Appeal, appealing the Bankruptcy Court's Final Order. *Id*. at 533.

## II. LEGAL STANDARD

Federal district courts are empowered to hear appeals "from final judgments, orders, and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). When considering an appeal from the bankruptcy court, the district court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Shin v. Lee*, 550 F. Supp. 3d 313, 318 (E.D. Va. 2021) (citing *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014)). Mixed questions of law and fact are also reviewed *de novo*. *Id.* (citing *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007)). According to the Supreme Court, "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal brackets and quotation marks omitted).

## III. ANALYSIS

### A. Emotional Damages

Adams's first and second grounds for appeal stem from the Bankruptcy Court's determination that Plaintiff was precluded from recovering any damages related to emotional distress. *See* Appellant's Br. 4–5. The Court's *de novo* review of Fourth Circuit precedent reveals that this line of argument is foreclosed—and indeed, Plaintiff concedes as much. *See id.* at 4 (acknowledging that the Fourth Circuit held in *In re Walters*, 868 F.2d 665 (4th Cir. 1989), that a debtor cannot obtain a judgment for emotional distress for violation of a discharge injunction). Instead, Adams endeavors to "make a record for later appeal," in the apparent hope of redirecting Fourth Circuit jurisprudence to align with other courts that have allowed this form of damages. *Id.*

4

Based on its *de novo* review of this issue, the Court finds no reversible error and will affirm the Bankruptcy Court's rulings with respect to emotional damages.

**B. Punitive Damages**

Adams next argues that the Bankruptcy Court erred in entering summary judgment precluding Adams from recovering any punitive damages. In support of this argument, Adams posits that, though she did not present any legal arguments in support of any such award in her Objection to Summary Judgment, she identified an issue of material fact that "could only have been relevant to [her] then pending claim for punitive damages," to wit: "whether Hall acted maliciously in violating the injunction of the bankruptcy discharge." Appellant Br. 5. The Court reviews this issue *de novo*. *In re Walters*, 868 F.2d at 670 (the issue of damages recoverable in a civil contempt proceeding is a question of law); *cf. Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 164 (4th Cir. 2012) (reviewing *de novo* "the legal conclusions upon which the district court's denial of judgment as a matter of law were premised").

As a general matter, the Fourth Circuit has stated that for civil contempt violations, "the remedies and sanctions must be remedial and compensatory and, unlike criminal contempt, nonpunitive." *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). This rule serves to generally preclude punitive damages. Courts have found exceptions to this general rule, however, for example when the violation is based on "egregious or vindictive conduct," *In re Bock*, 297 B.R. 22, 30 (Bankr. W.D.N.C. 2002), or when it is necessary "to coerce the contemnor's compliance with the court order," *Skaggs v. Gooch* (*In re Skaggs*), 2023 WL 322559, at *1 (Bankr. W.D. Va. Jan. 19, 2023). Assuming Adams wished to proceed on either of these narrow theories, she nevertheless was required to make the proper showing in response to the Bankruptcy Court's solicitation of positions with respect to summary judgment on the question of damages.

Adams contends that she properly preserved the issue of whether Hall acted maliciously, and for that reason summary judgment precluding punitive damages should not have been entered. Appellant Br. 5–6.  She alternatively contends that the Bankruptcy Court erred in holding that, "in a case such as this case [sic], a plaintiff may never recover punitive damages."  Appellant Reply 2 (citing App. 526–30 (Order Granting Partial Summ. J.)).  The Court disagrees.

When facing summary judgment, the nonmoving party "may not rest upon mere allegations . . . but rather must set forth specific facts," supported by competent evidence, "showing that there is a genuine issue for trial."  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (internal quotation marks omitted) (citations omitted), cert. denied, 541 U.S. 1042 (2004).  "[A] nonmoving party must produce some evidence (more than a 'scintilla') 'upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'"  *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986)).  The Bankruptcy Court acted fully within its power to initiate summary judgment *sua sponte*, and it properly gave notice to Adams that she was required to file an objection opposing the entry of summary judgment with the court.  *See* App. 480–82 (Order Setting Hr'gs) (putting parties on notice that the Bankruptcy Court planned to consider whether summary judgment was appropriate and that, should they "believe[] a genuine issue of material fact preclude[d] entry of summary judgment . . . *or otherwise oppose[d] the entry of summary judgment*," they should file an objection to that effect).

Here, the record reflects that Adams provided nothing but barebones, indirect references in support of her claim to punitive damages, prior to the Bankruptcy Court's entry of partial summary judgment.  Specifically, in her Objection to Summary Judgment, Adams asserted—without tying the fact to a claim for punitive damages—merely that she "[would] testify of

significant malice in actions by Hall towards her." App. 519.  And under the heading "Adams'[s] Damages," the brief included only that "Adams testified she had economic damages of $100 and interest for travel to and from her lawyer to defend the counterclaim.  Defendants have not stipulated to those damages." *Id.*  Adams provided no argument for why punitive damages should be awarded in this case.  *See generally id.* at 517–20.

After *de novo* review of the record, the Court agrees with the Bankruptcy Court, that Adams failed to support her Objection to Summary Judgment such that she could establish a genuine issue of material fact as to any form of damages beyond $100 dollars of economic damages, or otherwise establish entitlement to further damages.  The Court finds no error in the Bankruptcy Court's statement that "because damages in *this* case are limited to compensation for actual losses sustained by the [Adams], damages beyond the alleged $100 of actual damages may not be awarded," *id.* at 529–30 (emphasis added), insofar as Adams had failed to establish—for Rule 56 purposes—any grounds for departure from the general rule of *In re General Motors* that "sanctions [for civil contempt violations] must be remedial and compensatory and, unlike criminal contempt, nonpunitive."  61 F.3d at 258.

Because Adams failed to properly support her Objection to Summary Judgment with respect to any claim for punitive damages, summary judgment precluding any such award was appropriate.  The Court will therefore affirm that aspect of the Bankruptcy Court's Order Granting Partial Summary Judgment.

## C. Attorney's Fees

The final issue Adams raises on appeal is whether "the Bankruptcy Court erred in granting summary judgment against attorney's fees." Appellant Br. 6 (capitalizations altered).  As an initial matter, the Court is not persuaded that—as Adams claims—the Bankruptcy Court definitively

precluded any award of attorney's fees in its Order Granting Partial Summary Judgment. In contrast to its clear preclusion of any nominal or punitive damages, the Order is silent in its final ruling as to attorney's fees. *See* App. 530. The Order does reference the fact that Adams, in her Objection to Summary Judgment, "did not identify any other damages, including but not limited to attorney's fees, costs, nominal damages, or punitive damages," and that at the hearing on summary judgment, Adams "briefly asserted without evidentiary support as contemplated by Civil Rule 56(c) that [Adams] may be entitled to nominal damages and attorney's fees. *Id.* at 528. The ruling's ultimate silence on the issue of attorney's fees, however, does indicate that the issue had been left for trial, and indeed Adams concedes that the Bankruptcy Court allowed evidence of attorney's fees at trial. Appellant Br. 6, n.3. And while the Memorandum Opinion does include, in its rationale for denying attorney's fees, reference to the fact that Adams failed to seek and support any such claim for fees in her Objection to Summary Judgment, *see* App. 544–45, this is but one prong of the Bankruptcy Court's overall analysis on the issue. The Bankruptcy Court's ultimate decision to deny fees, encapsulated in the Memorandum Opinion issued post-trial, is thus not a legal decision subject to *de novo* review, but instead an exercise of the court's discretion. *See id.* at 542–45 (Bankr. Ct. Mem. Op.).

An appellate court "review[s] an award of attorneys' fees for abuse of discretion." *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 675 (4th Cir. 2015) (citing *Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243 (4th Cir. 2009)). An appellate court may "only reverse such an award if the [trial court] is clearly wrong or has committed an error of law." *Id.* (quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). As the Fourth Circuit has explained, this abuse of discretion standard of review is "sharply circumscribed." *Robinson*, 560 F.3d at 243; *see also Best Med. Int'l, Inc. v. Eckert & Ziegler Nuclitec GmbH*, 565 Fed. Appx. 232, 236 (4th Cir.

2014) (stating that the standard of review of awards of attorney's fees is "exceptionally deferential").

Having reviewed the record, the Court cannot say that the Bankruptcy Court was "clearly wrong" in its decision not to award attorney's fees to Adams. Neither can the Court say that the Bankruptcy Court committed an error of law. The Bankruptcy Court looked to three factors in deciding whether attorney's fees were appropriate: (1) applicable statutory restrictions; (2) the court's broad discretion; and (3) the requisite evidentiary record. App. 543. After thorough review, the Bankruptcy Court determined that "attorney's fees cannot and should not be awarded in the case at bar." *Id.* at 545. The Court finds no abuse of discretion, and so will affirm.

## IV. CONCLUSION

For the reasons set forth above, the Court will affirm the decisions of the Bankruptcy Court in full. An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 23, 2024
Richmond, Virginia